1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| CADECUS LLC d/b/a CAFE RACER, individually and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br><br>       v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>                                  Defendant. | No.<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

17

## I.    INTRODUCTION

18
19
20
21
22
23
24

Plaintiff Cadecus LLC d/b/a Cafe Racer ("Plaintiff" or "Cafe Racer"), individually and on behalf of all other similarly situated members of the defined national class, and the defined Washington State subclasses (collectively, the "Class Members"), by and through the undersigned attorneys, brings this consolidated class action complaint against Defendant Scottsdale Insurance Company ("Defendant") and alleges the following based on personal knowledge and information and belief:

25
26

COMPLAINT - 1

## II.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Subclass is a citizen of a state different from that of Defendant, the proposed Class and Subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.    This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiff and all of the Washington Subclass Members in this case arise out of and directly relate to Defendant's contacts with Washington.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4.    Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is in King County. This action is therefore appropriately filed in this District.

COMPLAINT - 2

### III.   PARTIES

5.      Plaintiff Cadecus LLC d/b/a Cafe Racer owns and operates an art bar, restaurant, and curated creative space in Seattle, Washington.

6.      Defendant Scottsdale Insurance Company is an insurance company incorporated in Ohio with its principle place of business in Scottsdale, Arizona. Defendant is one of several subsidiary insurer entities owned by parent company Nationwide Mutual Insurance Company.

7.      Defendant is authorized and/or licensed to write, sell, and issue business insurance policies in all fifty states and the District of Columbia. Defendant and its sister entities owned by the same parent company conducted business within these regions by selling and issuing insurance policies to policyholders, including Plaintiff.

8.      Defendant is vicariously liable for the acts and omissions of its employees and agents.

### IV.   NATURE OF THE CASE

9.      Cafe Racer is an art bar, restaurant, and curated creative space operating out of the University District in Seattle. In addition to serving coffee, beer, and comfort food, Cafe Racer is licensed to accommodate and serve up to 99 guests and is a home for live arts and community events, such as art drawing gatherings (historic photo below), storytelling, improv comedy, and music shows (historic photo below).

COMPLAINT - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

 

10.     A historic photograph depicting Cafe Racer's indoor dining and bar space follows:



11.     This lawsuit is filed to ensure that Cafe Racer and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

12.     Defendant issued one or more "all risk" insurance policies to Plaintiff, including a businessowners policy and related endorsements ("the Policy"), insuring Plaintiff's property and business, and providing related coverages.

13.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used for its specified business purposes.

COMPLAINT - 4

14.     Plaintiff's business property includes indoor bar, dining, and entertainment space with typical restaurant facilities for bar, dining, and entertainment services, including bar stools, microphones, bar counters, tables, chairs, serving ware, glassware, utensils, menus, condiment and napkin dispensers, and other related equipment and property for customer use while ordering, eating, drinking, participating in live events, and socializing inside the premises.

15.     Defendant promised to pay Plaintiff for risks of "direct physical loss of or damage to" to covered property, and includes coverage for risks of both "loss of or damage to" covered property.

16.     The policy coverages issued by Defendant to Plaintiff include Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage, and Civil Authority Coverage.

17.     The Policy expressly defines a "Covered Cause of Loss" as meaning "direct physical loss."

18.     On information and belief, Defendant and affiliated entities owned by the same parent company issued materially identical policies to thousands of businesses throughout Washington and in other states.

19.     Plaintiff paid all premiums for the coverages when due.

20.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

21.     COVID-19 is a highly contagious virus that rapidly and easily spreads; it continues to spread across the United States, including in Washington State.

22.     In many infected persons, COVID-19 causes severe illness and requires hospitalization, including intubation. The virus has killed over 375,000 people in the United

COMPLAINT - 5

States to date. Persons who survive the virus have experienced ongoing cognitive, neurological, and physical impacts from the virus, even after the virus is no longer actively detected in their bodies.

23.     The COVID-19 virus is a physical substance that spreads from person to person through respiratory droplets that reach another person and that are produced when an infected person breaths, talks, coughs, or sneezes. It also spreads when virus respiratory droplets are exhaled and aerosolized, and deposited on a surface or object (e.g., tables, chairs, bar stools, microphones, glassware, kitchen and culinary equipment, door knobs, touch screens, computer keyboards, and writing or eating utensils) and those objects are then touched by another person who then touches their own mouth, nose, or eyes. COVID-19 is caused by a novel (new) coronavirus that has not previously been seen in humans.[1]

24.     COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on surfaces. Persons infected with COVID-19 can be asymptomatic yet still spread the virus. Guidance issued by the Centers for Disease Control and Prevention ("CDC") recommends avoiding indoor activities, adhering to strict sanitation protocols, and maintaining social distance of at least six feet from others in order to minimize the spread of COVID-19.[2]

25.     Public health data throughout the United States, and on a state-by-state basis, shows that COVID-19 has been detected in every state.

---

[1] *See, e.g.*, *Coronavirus (COVID-19): Frequently Asked Questions*, CDC (updated Dec. 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html.
[2] *See Coronavirus (COVID-19): Personal and Social Activities*, CDC (updated Jan. 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

COMPLAINT - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

26.     The first confirmed case of COVID-19 in King County was noted on January 21, 2020.[3]

27.     Public health data throughout the United States shows the number of COVID-19 tests administered, the rate of positive testing, the numbers of persons diagnosed with COVID-19, the number of persons hospitalized due to COVID-19, the number of deaths from COVID-19, and other related statistics, by state, county, and sometimes by city.[4]

28.     As of January 11, 2021, at least 278,108 persons in Washington State have tested positive for COVID-19, 15,978 have been hospitalized, and 3,793 have died due to the COVID-19 virus.[5]

29.     As of January 11, 2021, 69,465 persons in King County have tested positive for COVID-19, 4,497 have been hospitalized, and 1,122 have died due to the COVID-19 virus.[6]

30.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment renders that physical space, or physical property, unsafe and unusable.

31.     The presence of any COVID-19 aerosolized or suspended droplets or particles in the air or otherwise circulating in an indoor environment causes direct physical damage to property and/or direct physical loss of property.

---

[3] Casey McNertney, *Coronavirus in Washington State: A Timeline of the Outbreak Through March 2020*, KIRO 7 News (updated Apr. 3, 2020), https://www.kiro7.com/news/local/coronavirus-washington-state-timeline-outbreak/IM65JK66N5BYTIAPZ3FUZSKMUE/.

[4] *See, e.g.*, *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times (updated Jan. 13, 2021), https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html?action=click&module=Top%20Stories&pgtype=Homepage (reflecting COVID-19 statistics, on a state-by-state, county-by-county, and aggregated basis since March 2020).

[5] *Id.*

[6] *COVID-19 Data Dashboard*, Wash. State Dep't of Health (last updated 1/12/2021), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

COMPLAINT - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32. The presence of any COVID-19 droplets or particles on physical surfaces renders items of physical property unsafe and unusable.

33. The presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property.

34. The presence of people infected with or carrying COVID-19 particles at premises renders the premises, including property located at that premises, unsafe and unusable, resulting in direct physical damage and/or direct physical loss to the premises and property.

35. Loss of functionality of property that has not been physically altered constitutes direct physical loss of property and/or direct physical damage to property.

36. On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-05, declaring a State of Emergency for all counties in the state of Washington as a result of the COVID-19 outbreak.

37. Thereafter, Governor Inslee issued a series of proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

38. On March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including King County.

39. On March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation" which amended Proclamation 20-05. The proclamation prohibits "any number of people from gathering in any public venue in

COMPLAINT - 8

which people congregate for purposes of . . . food and beverage service."[7] The Proclamation

further prohibited "the onsite consumption of food and/or beverages" in all restaurants, bars,

taverns, and for catered events.[8]

40.     Proclamation 20-13 further states that the pandemic "remains a public disaster

affecting life, health, property or the public peace."[9]

41.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction

of Statewide Limits on Gatherings," which prohibited all gatherings of fifty people or more in all

Washington counties, including King County, and further prohibited gatherings of fewer people

unless organizers of those activities complied with certain social distancing and sanitation

measures.

42.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home –

Stay Healthy." The proclamation, which amends prior Proclamations, requires that "[a]ll people

in Washington State [] immediately cease leaving their home or place of residence except: (1) to

conduct or participate in essential activities, and/or (2) for employment in essential business

services."[10] The proclamation prohibits "all non-essential businesses in Washington State from

conducting business, within the limitations provided herein."[11]

43.     Proclamation 20-25 continues a State of Emergency, and states that "the

worldwide COVID-19 pandemic and its progression in Washington State continue to threaten the

---

[7] Proclamation 20-13 of Washington Gov. Jay Inslee, *Statewide Limits: Food and Beverage Services, Areas of Congregation* at 2 (Mar. 16, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-13%20Coronavirus%20Restaurants-Bars%20%28tmp%29.pdf.
[8] *Id.*
[9] *Id.* at 1.
[10] Proclamation 20-25 of Washington Gov. Jay Inslee, *Stay Home – Stay Healthy* at 3 (Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.
[11] *Id.* at 2.

COMPLAINT - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

life and health of our people as well as the economy of Washington State, and remain a public

disaster affecting life, health, property or the public peace."[12] The proclamation allows for

restaurants and food services to operate only to "provid[e] delivery or take-away services" and

"so long as proper social distancing and sanitation measures are established and implemented."[13]

44.     On November 15, 2020, Governor Inslee issued Proclamation 20-25.8, "Stay Safe

– Stay Healthy," "Rollback of County-by-County Phased Reopening Responding to a COVID-19

Outbreak Surge," which amended Proclamation 20-05 and 20-25, *et seq*. The proclamation again

closed restaurants and bars for indoor dine-in service.

45.     Proclamation 20-25.8 also prohibits indoor operations at a variety of business

locations in and around the University District and throughout Seattle and King County and

elsewhere in the state of Washington, including but not limited to other restaurants and bars,

fitness facilities and gyms, bowling alleys, and movie theaters.

46.     Governor's Inslee's proclamations and orders related to COVID-19 (collectively,

"the proclamations and orders") have been extended and modified from time to time.[14]

47.     Plaintiff has complied with the proclamations and orders which have required it to

close, suspend, and/or curtail its business.

48.     Among other things, Plaintiff complied with the proclamations and orders by

preventing the public, including its customers, clients, and performers, from entering its places of

business to participate in business activities such as consuming food and beverages and

---

[12] *Id.* at 1.
[13] *Id.* at 5.
[14] *See, e.g.*, *Restaurant, Tavern, Breweries, Wineries and Distilleries COVID-19 Requirements*, Wash. Gov. Jay
    Inslee (last updated Nov. 16, 2020), https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%
    20and%203%20Restaurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery.

COMPLAINT - 10

performing in or enjoying live curated, creative experiences, which were routine and allowed prior to the issuance of the proclamations and orders.

49.     In order to comply with the proclamations and orders, Plaintiff was forced to suspend its business and incur extra expense.

50.     In order to comply with the proclamations and orders, Plaintiff was unable to use its art bar, restaurant, and curated creative space for its insured purpose of sit-down dining, bar, and live entertainment.

51.     Plaintiff invested in its business property, insured the business property, and insured the income derived from its business property, but Plaintiff was deprived of its property's functionality due to the government's response to the COVID-19 pandemic.

52.     Loss caused by Governor Inslee's orders and proclamations and/or related to COVID-19 rendered Plaintiff's property unusable for its intended and insured purpose.

53.     Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

54.     Plaintiff's property sustained direct physical loss and/or direct physical property damage related to the proclamations and orders, and/or COVID-19.

55.     Plaintiff's business and property will continue to sustain direct physical loss or damage covered by Defendant's Policy, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

56.     Plaintiff suffered direct physical loss of use of the covered properties for its intended purposes.

57.     As a result of the above, Plaintiff has experienced and will experience loss covered by Defendant's Policy.

COMPLAINT - 11

58.     Plaintiff's suspension of its business in response to the proclamations and orders caused Plaintiff to suffer a business loss.

59.     Plaintiff complied with all requirements in the Policy.

60.     Plaintiff made a claim for insurance benefits in or about July 2020.

61.     Defendant denied Plaintiff's claim for insurance benefits by form letter dated December 3, 2020.

62.     Defendant made no meaningful investigation of Plaintiff's claim or its loss.

63.     Without any basis, Defendant's denial letter conclusively asserts that there has been "no damage to property at the insured premises or at a nearby premises" that caused Plaintiff's suspension of operations.

64.     Defendant's denial letter incorrectly concludes that Plaintiff has not suffered a "direct physical loss of or damage to property."

65.     Defendant's denial letter also concludes without any basis that Plaintiff's suspension of operations does not result from a "prohibition on access due to damage from a covered cause of loss to other property within one mile on the insured premises, and the prohibition on access is taken in response to dangerous physical conditions."

66.     Upon information and belief, Defendant has denied all claims submitted to it for business income coverage that relate to governmental proclamations or orders and/or COVID-19.

67.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding whether there is any presence of COVID-19 at Plaintiff's insured premises.

COMPLAINT - 12

68.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the timing, scope, or impact of governmental proclamations or closure orders that affect its insured's business or business property.

69.     Upon information and belief, Defendant has undertaken no meaningful investigation regarding the community spread of COVID-19 in the vicinity of Plaintiff's business.

70.     Upon information and belief, Defendant has denied and will deny coverage to Plaintiff and all other similarly situated policyholders based on Defendant's uniform policy to deny business interruption claims stemming from government closure orders related to COVID-19.

## V.     CLASS ACTION ALLEGATIONS

71.     This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

72.     Prosecuting separate actions by individual class members, in lieu of proceeding as a class action, would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

73.     As alleged above, Defendant has acted or refused to act on grounds that apply generally to the proposed Class and Subclasses, such that final injunctive relief or declaratory relief is appropriate.

74.     The questions of law or fact common to Class and Subclass Members predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently adjudicating this controversy.

75.     The Classes and Subclasses that Plaintiff seeks to represent are defined as:

COMPLAINT - 13

A. *Business Income Breach of Contract Class:* All persons and entities in the United States issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities, and whose Business Income claim has been denied by Defendant.

B. *Business Income Breach of Contract Washington Subclass:* All persons and entities in the state of Washington issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Business Income claim has been denied by Defendant.

C. *Business Income Declaratory Relief Class:* All persons and entities in the United States issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or civil authorities.

D. *Business Income Declaratory Relief Washington Subclass:* All persons and entities in the state of Washington issued one of Defendant's policies with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

E. *Extra Expense Breach of Contract Class:* All persons and entities in the United States issued one of Defendant's policies with Extra Expense coverage who incurred expenses while seeking to minimize the suspension of business at the covered

COMPLAINT - 14

premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities whose Extra Expense claim has been denied by Defendant.

F.    ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant' policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Defendant.

G.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H.    ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's policies with Extra Expense Coverage who incurred expenses while seeking to minimize the suspension of business at the covered premises in connection with COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

I.    ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other

COMPLAINT - 15

Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendant.

J.      ***Extended Business Income Breach of Contract Washington Subclass***: All persons and entities in the state of Washington issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Defendant.

K.      ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued one of Defendant's policies with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.      ***Extended Business Income Declaratory Relief Washington Subclass:*** All persons and entities in the state of Washington issued one of Defendant's with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

M.      ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors,

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

**N.    *Civil Authority Breach of Contract Washington Subclass:* **All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to the impact of COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Defendant.

**O.    *Civil Authority Declaratory Relief Class:* **All persons and entities in the United States issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

**P.    *Civil Authority Declaratory Relief Washington Subclass:* **All persons and entities in the state of Washington issued one of Defendant's policies with Civil Authority Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or proclamations or orders issued by Governor Inslee, and/or other civil authorities.

76.    Excluded from the Classes and Subclasses are Defendant's officers, directors, agents, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definition, including based on information obtained in discovery.

COMPLAINT - 17

77.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

78.     **Numerosity**: The Class Members are so numerous that joinder of all members would be impractical. Plaintiff is informed and believe that each proposed Class and Subclass contains thousands of members. The precise number of Class Members can be ascertained through discovery, which will include Defendant's records of policyholders.

79.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.     Whether the Class and Subclass Members suffered cognizable losses under the Defendant's policies;

B.     Whether Defendant acted in a manner common to the Class and Subclass in denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.     Whether Business Income Coverage in Defendant's policies of insurance apply to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.     Whether Extra Expense Coverage in Defendant's polices of insurance apply to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

E.     Whether Extended Business Income Coverage in Defendant's policies of insurance apply to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

COMPLAINT - 18

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.      Whether Civil Authority Coverage in Defendant's policies of insurance apply to a suspension of business relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities; and

G.      Whether Defendant carried out a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, over Governors, and/or other civil authorities.

H.      Whether Defendant has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities; and

I.      Whether, because of Defendant's conduct, Plaintiff and the Class Members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

80.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class Members, are based on the same or materially similar policy forms, and are based on the same legal theories.

81.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor their attorneys have any interests contrary to or in conflict with the Class.

COMPLAINT - 19

82. **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all Class Members. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent Class Members to protect their interests.

83. **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a class-wide basis.

84. **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief*

COMPLAINT - 20

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Washington Subclass, Civil Authority Relief Class, and Civil Authority Relief Washington Subclass)*

85.    Previous paragraphs alleged are incorporated herein.

86.    This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

87.    Plaintiff brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Declaratory Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

88.    Plaintiff seeks a declaratory judgment declaring that Plaintiff's and Class Members' losses and expenses resulting from the interruption of their business are covered by the Defendant's policies.

89.    Plaintiff seeks a declaratory judgment declaring that Defendant is responsible for timely and fully paying all such claims.

### Count Two—Breach of Contract

*(Brought on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclasses, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)*

90.    Previous paragraphs alleged are incorporated herein.

91.    Plaintiff bring this cause of action on behalf of the Business Income Coverage Breach of Contract Class, Business Income Breach of Contract Washington Subclass, Extra

COMPLAINT - 21

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass.

92.     The policies are contracts under which Plaintiff and the class paid premiums to Defendant in exchange for Defendant's promise to pay Plaintiff and the class for all claims covered by the policy.

93.     Plaintiff has paid its insurance premiums.

94.     Plaintiff has been denied coverage for its losses covered by the Policy.

95.     Upon information and belief, Defendant has denied, and will continue to deny coverage for Plaintiff and other similarly situated policyholders.

96.     Denying coverage for the claims is a breach of the insurance contract.

97.     Plaintiff is harmed by the breach of the insurance contract by Defendant.

## VII.     PRAYER FOR RELIEF

1.     Class action status under Federal Rule of Civil Procedure 23.

2.     A declaratory judgment that the policy or policies cover the Plaintiff's losses and expenses resulting from the interruption of the Plaintiff's business by COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.     A declaratory judgment that the Defendant is responsible for timely and fully paying all such losses.

4.     Damages.

5.     Pre-judgment interest at the highest allowable rate.

6.     Reasonable attorney fees and costs.

COMPLAINT - 22

7.      Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

DATED this 14th day of January, 2021.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/ Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Tel.: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Tel.: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

*Attorneys for Plaintiff and the Proposed Classes*

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384